UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PRUITT,<br><br>    Plaintiff,<br><br>    v.<br><br>GENENTECH, INC.,<br><br>    Defendant. | No. 2:17-cv-00822-JAM-AC<br><br>**ORDER GRANTING IN PART AND DENYING PLAINTIFF'S BILL OF COSTS, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S BILL OF COSTS** |

    Timothy Pruitt filed a lawsuit in Solano County Superior Court after Genentech, Inc. fired him in July 2016. His ten-count complaint alleged violations of the California Fair Employment and Housing Act ("FEHA"), California Labor Code Section 1102.5, the California Family Rights Act ("CFRA"), and the Family and Medical Leave Act ("FMLA"). Compl., ECF No. 1-1. He also raised defamation and wrongful termination claims. Id. Genentech removed this case to federal court. Notice of Removal,

1

ECF No. 1.

The Court dismissed Pruitt's defamation claim. ECF No. 18. Furthermore, the Court granted Genentech summary judgment on Pruitt's FEHA discrimination claim, CFRA claim, and FMLA claim. Minutes for 1/8/2019 Hearing; see also, Transcript of 1/8/2019 Proceedings at 28:20-29:6. The Court also granted Genentech summary judgment on Pruitt's FEHA and Section 1102.5 retaliation claims to the extent that those claims rested on the theory that Genentech retaliated against Pruitt for taking medical leave. Id. at 29:9-13. Pruitt's wrongful termination claim went to trial, as did his FEHA and Section 1102.5 retaliation claims based on the theory that Genentech retaliated against him for filing a race-based discrimination complaint. The jury returned a verdict in favor of Pruitt on his wrongful termination and Section 1102.5 retaliation claims, and in favor of Genentech on the FEHA retaliation claim. Jury Verdict, ECF No. 163.

As the prevailing party in this action, Plaintiff seeks to recover costs totaling $17,072.16. Plf.'s Bill of Costs, ECF No. 167. Genentech opposes Pruitt's motion and seeks to recover the costs incurred after Pruitt rejected its Rule 68 offer. Def.'s Bill of Costs, ECF No. 169; Def.'s Objections, ECF No. 170. Pruitt opposes Genentech's claimed costs. Plf.'s Objections, ECF No. 171. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Pruitt's bill of costs, and GRANTS IN PART AND DENIES IN PART Genentech's bill of costs.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 16, 2019.

2

I. OPINION

A. Legal Standard

In general, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1). A party's bill of costs must conform to 28 U.S.C. § 1924. E.D. Cal. L.R. 292(b). It must "itemize the costs claimed and [] be supported by a memorandum of costs and an affidavit of counsel that costs claimed are allowable by law, are correctly stated, and were necessarily incurred." Id. "The party against whom costs are claimed may . . . file specific objections to claimed items with a statement of grounds for objections." E.D. Cal. L.R. 292(c). The objecting party bears the burden of presenting reasons that are "sufficiently persuasive to overcome the presumption in favor of an award." In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 932 (9th Cir. 2015). Ultimately, a district court must "exercise its discretion in determining whether to allow certain costs." Yeager v. Bowlin, No. 2:08-cv-102-WBS-JFM, 2010 WL 716389, at *1 (E.D. Cal. Feb. 26, 2010) (citing Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997)).

B. Analysis

1. Pruitt's Bill of Costs

Pruitt claims $17,062.16 in costs. Plf.'s Bill of Costs at 1. Genentech does not challenge Pruitt's $435 filing fee, but objects to the remaining costs on three grounds: (1) Pruitt failed to establish his claimed transcript, demonstrative, and copying costs were necessarily incurred; (2) Rule 68(d) bars Pruitt from collecting costs incurred after March 18, 2019; and

(3) the costs Pruitt claims for video depositions are duplicative.

### a. Costs Incurred following Rule 68 Offer

Pruitt incurred $942.30 in costs following Genentech's March 18, 2019 offer of judgment. Although Pruitt contends Genentech cannot recover costs following its Rule 68 offer—an argument discussed below, infra at 6—Pruitt does not oppose Genentech's argument that Rule 68 bars Pruitt from recovering costs incurred after Genentech made the rejected March 18 offer. Correctly so. Rule 68 states, "[i]f the judgment []the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. Proc. 68(d). On March 18, 2019, Genentech served Pruitt with an offer of judgment amounting to $600,000, inclusive of costs, expenses, and attorneys' fees. See Decl. of Julie A. Totten ISO Genentech's Bill of Costs ¶ 2, Exh. A. Pruitt did not accept this offer. Rather, he proceeded to trial where the jury returned a verdict for him in the amount of $233,126. Verdict Form, ECF No. 163. Because Pruitt obtained a judgment less favorable than the one Genentech offered, the Court DENIES the $942.30 in costs he incurred from April 1-4, 2019.

### b. Section 1920(1) Costs

Pruitt is entitled to tax "fees of the clerk" under 28 U.S.C. § 1920(1). Pruitt incurred $435 when he filed his lawsuit against Genentech. The Court awards Pruitt this cost.

### c. Section 1920(2),(4) Costs

Section 1920(2) allows a party to tax costs for "printed or

electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Section 1920(4) allows a party to tax costs for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Pruitt claims $16,637.16 in costs under these two sections.

The Court does not award Pruitt the $1441.25 incurred for videotaping his two-day deposition. The Court agrees with Genentech's objection that these costs are duplicative of the $2571.40 he incurred for stenographic transcripts of that same deposition. See Def.'s Objection at 4 (citing Sullivan v. Costco Wholesale Corp., No. 1:17-cv-00959-EPG, 2019 WL 1168531, at *2 (E.D. Cal. Mar. 13, 2019). Pruitt did not explain why duplication of these deposition costs was necessary and absent such an explanation he is not entitled to recover this cost.

Furthermore, Pruitt failed to provide a specific basis for the remaining $14,253.61 claimed in transcript and copying costs were "necessarily obtained."[2] See 28 U.S.C. § 1920(2),(4). Indeed, Pruitt's counsel filed an affidavit and receipts in support of the bill of costs, ECF No. 168, but did not file a "memorandum of costs" at all. The Ninth Circuit adopts "[a] narrow construction of § 1920(4) [which] requires recognition that the circumstances in which a copy will be deemed necessarily obtained . . . will be extremely limited." Pac.

---

[2] Based on the receipts attached to McHenry's declaration, Pruitt incurred $14,203.69 rather than $14,253.61 in transcript costs prior to Genentech's Rule 68 offer. See McHenry Decl., Exh. 2. Pruitt's bill of costs incorrectly lists the cost of Hall's deposition transcript as $881.47 instead of $831.55.

5

Marine Center, Inc. v. Philadelphia Indem. Insur. Co., No. 1:13-cv-00992-DAD-SKO, 2017 WL 6538990, at *4 (E.D. Cal. Dec. 21, 2017) (quoting In re Online DVD-Rental Antitrust Litig., 779 F.3d at 930). As Genentech argues, the Eastern District has previously denied a prevailing party costs where the bill of costs included "[t]he mere recitation of the phrase 'necessarily incurred.'" Def.'s Objections at 2 (citing Ferreira v. M/V CCNI Antofagasta, No. 2:04-cv-1916-MCE-DAD, 2007 WL 3034941, at *2 (E.D. Cal. Oct. 16, 2007)). But before the Court denied costs in Ferreira, it issued a minute order permitting the plaintiff twenty (20) days "to provide further support" for the costs in question. Id. The Court affords Pruitt the same opportunity here. Within twenty (20) days, Pruitt must file a memorandum of costs explaining why his remaining Section 1920(2)&(4) costs were "necessarily obtained."

In sum:

| Original amount of costs requested | $17,072.16 |
| Deduction for costs related to costs incurred following Rule 68 offer | -$942.30 |
| Deduction for cost of videotaped depositions | -$1,441.25 |
| Deduction for remaining transcript and copying costs pending supplemental briefing | -$14,253.61 |
| **TOTAL costs awarded** | **$435** |

2. Genentech's Bill of Costs

Genentech claims $18,571.82 in costs. Genentech contends Rule 68(d) requires Pruitt to pay these costs. Def.'s Memo. of Costs, ECF No. 169-1. Pruitt objects, arguing (1) FEHA prohibits a prevailing defendant from recovering costs absent the suit was "frivolous, unreasonable, or groundless"; and (2) Genentech's claimed costs are unnecessary and unreasonable. Plf.'s Objection

6

1-4.

The Court finds FEHA does not bar Genentech from recovering costs under Rule 68(d). As Genentech argues, three of Pruitt's claims went to trial: the FEHA claim, the Section 1102.5 claim, and the wrongful termination claim. See Reply ISO Genentech's Bill of Costs ("Reply") at 1-2. See also Verdict Form. These claims had largely overlapping elements. Id. Accordingly, even if the Court prevented Genentech from seeking costs related to its FEHA defense, Genentech could still claim identical costs under the remaining two claims.

### a. Section 1920(2) Costs

Genentech claims $2,897.91 in costs under 28 U.S.C. § 1920(2). Genentech argues it incurred these costs printing the depositions it was required to lodge with the Court under Local Rule 133(j); printing deposition excerpts it might need for impeachment refreshing witnesses' recollection; and obtaining draft transcripts of portions of the trial proceedings. Memo. of Costs at 2-3. Pruitt objects, arguing it was not necessary for Genentech to obtain depositions for "every potential witness on the parties' witness lists." Plf.'s Objections at 2. The Court disagrees. Up to and throughout trial, Pruitt sought to expand the scope of litigation, attempting to admit evidence that was relevant only to his previously-dismissed discrimination claims. It was not clear, even at the pretrial conference, who and how many of Pruitt's witnesses he intended to call. The Court finds the depositions Genentech printed were necessarily obtained given Pruitt's litigation strategy. The Court awards Genentech $2,897.91 for these costs.

b. Section 1920(3) Costs

Genentech claims $2,378.28 in costs under 28 U.S.C. § 1920(3). Pruitt's only objection to these costs is that Genentech's witnesses lived too far away. Plf.'s Objection at 4. Genentech's vocational expert flew into Sacramento from Michigan. Its economist and forensic psychiatrist flew in from Southern California. Pruitt does not provide any authority for the proposition that the costs Genentech incurred fell outside Section 1920(3). Genentech incurred $3,724.61 in lodging, sustenance, parking, and air and ground transportation for three of its witnesses. See Totten Decl., Exh. E. The $2,378.28 Genentech claims reflects a reasonable reduction of those costs. The Court awards Genentech $2,378.28 for these costs.

c. Section 1920(4) Costs

The Court does not find all the costs Genentech claimed for "exemplification and [] making copies" were necessary for its defense. See 28 U.S.C. § 1920(4); see also Def.'s Bill of Costs. Genentech contends it incurred $13,295.63 in Section 1920(4) copying costs. Def.'s Bill of Costs; Memo. of Costs at 3. Pruitt argues these costs are unreasonable because Genentech's "kitchen sink approach to trial exhibits" and use of color printing render many of these costs unnecessary. Plf.'s Objection at 2-3. The Court agrees in part. The Court disagrees that the sheer number of exhibits Genentech included in its exhibit list compared to the number of exhibits admitted at trial renders the non-admitted exhibits "unnecessary." See Plf.'s Objections at 3. Although the Ninth Circuit adopts a narrow construction of "necessarily obtained," it does not interpret the

phrase so narrowly as to "specifically require that the copied document[s] be introduced into the record." In re Online DVD-Rental Antitrust Litig., 779 F.3d at 927. Genentech argues it used the exhibit copies to prepare its witnesses and aid in witness examination. Memo. of Costs at 3. It also, at opposing counsel's request, provided copies of its exhibits to Pruitt. Reply at 4. The Court's review of Genentech's exhibit list confirms the exhibits were reasonably needed either for Genentech's case-in-chief or for impeachment purposes. See Def.'s Amended Exhibit List, ECF No. 88.

Review of Genentech's exhibits does, however, belie Genentech's contention that it needed thousands of color copies for its defense. See id.; Plf.'s Objections at 3. Genentech argues "[u]sing color copies . . . [was] entirely appropriate and [] necessary to ensure that binders contained true and correct copies of the parties' exhibits." Reply at 5. Genentech's exhibits are primarily copies of email correspondence, performance evaluations, employee files, and investigation notes. See Def.'s Amended Exhibit List. The Court does not find persuasive Genentech's argument that black and white copies would undermine the veracity of those exhibits. At fifty cents per page, Genentech's color copies were five times more expensive than its black-and-white copies. The Court therefore reduces Genentech's $8,069 in costs for color printing to $1,613.80.

Finally, the Court reduces the costs Genentech claims for copying video exhibits. As Plaintiff argues, and as Genentech eventually concedes, the only video exhibits needed were the two videos relating to the "cafeteria incident." Id.; Reply at 4.

Genentech represents the cost for copying these two videos in each party's preferred format was $440. Reply at 5. The Court, therefore, reduces Genentech's video-copying costs from $2,060 to $440.

In sum:

| | |
|---|---|
| Original amount of costs requested | $18,571.82 |
| Deduction for costs of color copying | -$6,455.20 |
| Deduction for costs of copying unnecessary video exhibits | -$1,620.00 |
| **TOTAL costs awarded** | **$10,496.20** |

## II. ORDER

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Pruitt's bill of costs. The Court awards Pruitt $435 and denies $2,383 of Pruitt's claimed costs. As to the remaining $14,253.61 in Section 1920(4) costs, the Court orders Pruitt to file a memorandum of costs within twenty days of this order explaining why these fees were necessarily incurred. Genentech may file a response to this memorandum within five days thereafter.

The Court also GRANTS IN PART AND DENIES IN PART Genentech's bill of costs. The Court awards Genentech $10,496.62 in costs and denies $8,075.20 of Genentech's claimed costs.

IT IS SO ORDERED.

Dated: August 26, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE